UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAYDI C. BALDWIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause Number: 1:09CV296 RLM ) |
| KROGER LIMITED PARTNERSHIP II, d/b/a PEYTON'S NORTHERN, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Saydi Baldwin, by counsel, and alleges against Defendant that:

1. The Plaintiff is Saydi Baldwin, an Hispanic, Latina resident of Allen County, Fort Wayne, Indiana, of Honduran national origin.

2. The Defendant is Kroger Limited Partnership II, a company doing business as Peyton's Northern, at 1111 S. Adams Street, Bluffton, Indiana 46714. The Defendant's home office is located at 1014 Vine Street, Cincinnati, Ohio 45202. The resident agent is Corporation Service Company. The Defendant is an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). The Defendant employed the Plaintiff at all material times to this Complaint.

3. The Plaintiff filed a Charge of Discrimination on or about July 23, 2008, agency number 24D-2008-00463/EC-0150-A8, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A". The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on July 31, 2009, a copy of

which is attached hereto as Exhibit "B". All administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this suit.

4. The Defendant employed the Plaintiff for approximately one and one-half (1 ½) years, until her termination on or about May 9, 2008. The Plaintiff was a Piece Order Selector at the time of her separation from employment. Throughout her employment, Defendant was aware of her race and that she is of Hispanic national origin. Plaintiff's first language is Spanish, Plaintiff speaks with a noticeable Hispanic accent, and she appears Latina, with stereotypical non-Caucasian racial features, such as a dark complexion.

5. During her employment, Plaintiff suffered from a serious medical condition (related to a back injury), that constituted a disability/perceived disability, or presented her with a record of impairment, and that the Defendant discriminated against her on the basis of her disability/perceived disability/record of impairment, in violation of her rights under the ADA.

6. In the alternative, Plaintiff contends that she was discriminated against and retaliated against on the basis of her national origin (Hispanic/Honduran), in violation of her rights under Title VII and § 1981.

7. Plaintiff sustained a lower back injury on or about May 18, 2007, for which she was placed on work restrictions by the Defendant's company doctor. On or about May 9, 2008, the Plaintiff provided the Defendant with medical documentation indicating she had permanent work restrictions. Later in the day, the Plaintiff was called to a meeting with a representative from Human Resources, and was then told that Defendant did not have any jobs for her to do, and that she was terminated. Later,

      in a letter dated June 9, 2008, Defendant indicated that Plaintiff was terminated because she allegedly could not perform the essential functions of her job, with or without accommodations.

8. The Plaintiff contends that the proffered reason for termination was false and pretextual, and that in reality she was terminated on the basis of her disability/perceived disability/record of impairment.

    i. Throughout Plaintiff's employment, she had performed within the reasonable expectations of her employer;

    ii. Plaintiff contends that in spite of her serious health condition, she was still capable of completing the essential functions of her job, either with or without reasonable accommodations.

    iii. Similarly situated individuals with medically ordered work restrictions, that were not disabled/ perceived as disabled, and/or who did not have records of impairment, were nevertheless permitted to continue to work and were not terminated.

    iv. Defendant provided Plaintiff changing reasons for her termination- first, that there was no work for her to do, then later, that she supposedly could not perform her job.

    v. There is suspicious timing between the date Plaintiff informed Defendant of her permanent work restrictions, and the date of her termination, strongly suggesting that in spite of Plaintiff's ability to continue working, Defendant assumed she was unable to do so.

9. In the alternative, the Plaintiff contends that she was discriminated against and

terminated on the basis of her national origin, Honduran/Hispanic, and race - Latina, in violation of her rights under Title VII, and 42 U.S.C. § 1981:

 i. Similarly situated non-Hispanic/non-Honduran employees with work restrictions were treated more favorably than Plaintiff, in that Defendant did not terminate them.

 ii. The Plaintiff was able to perform the essential functions of her job either with or without reasonable accommodations, but was terminated, whereas similarly situated non-Honduran/non-Hispanic and non-Latina employees with disabilities/perceived disabilities/ records of impairment were retained by Defendant.

 iii. Following Plaintiff's work related injury, the Defendant delayed sending her to the company doctor for medical attention, whereas Defendant promptly sent non-Honduran/non-Hispanic, and non-Latina employees to the company physician for medical attention.

 iv. During Plaintiff's employment, Defendant informed Plaintiff and other Hispanic employees they were not to speak in Spanish on the job site, particularly if non-Spanish speaking individuals were around.

10. The Defendant's discriminatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job related benefits including income, and subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

11. The discriminatory conduct of the Defendant was knowing, intentional, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, Title

VII, and § 1981. Imposition of punitive damages is appropriate.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

_____
Christopher C. Myers, #10043-02

_____
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
ismith@myers-law.com
Attorneys for Plaintiff

S:\Baldwin, Saydi\Pleadings\Complaint.wpd
ims/cdc

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>EC-0150-A8<br>24D-2008-00463 |
|---|---|---|

City of Fort Wayne Metro Human Relations Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Saydi C. Baldwin | (260) 515-0719 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 4408 S. Anthonty Blvd., Fort Wayne, IN 46806 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PEYTON'S NORTHERN | 15 - 100 | (219) 827-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1111 S. Adams Street, Bluffton, IN 46714 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-09-2008    Latest: 05-09-2008
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I, Saydi C. Baldwin, was a qualified employee of Peyton's Northern from October 24, 2006 until the date of my termination on May 9, 2008. On May 18, 2007 I sustained a lower back injury and have since been put on restrictions by the company doctor. I was terminated on May 9, 2008 because my employer stated I could no longer perform the essential functions of my job. However there are other people who work there that have medical restrictions that have not been terminated who are not in my protected class.

Therefore I feel I have been discriminated against and terminated on the basis of my national origin, Honduran, in violation of Title VII of the Civil Rights Act of 1964, as amended and in violation of the American with Disabilities Act of 1990, amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jul 23, 2008      X *(signature)*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EXHIBIT "A"

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Saydi C. Baldwin
4408 S. Athony Boulevard
Fort Wayne, IN 46606

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2008-00463 | Byron Williams, Acting Enforcement Supervisor | (317) 226-7809 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Danny G. Harter,
Director

JUL 3 1 2009
(Date Mailed)

Enclosures(s)

cc: Jeff VanWay, Law Department
Kroger
1014 Vine Street
Cincinnati, Ohio 46202

EXHIBIT "B"